IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANDREW D. CONWILL**                                             **PETITIONER**

**VERSUS**                     **CIVIL ACTION NO. 3:14CV498 CWR-LRA**

**IRB BENJAMIN and MCM, Inc.**                            **RESPONDENTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Andrew D. Conwill filed a petition for writ of habeas corpus relief on June 26, 2014. Respondents filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996 as untimely. The Court recommends that the petition be dismissed for that reason.

Petitioner Conwill was indicted in October 2005 on two counts of house burglary with intent to commit assault. Both counts involved the same victim on two different dates and at two different residences. The counts were severed prior to trial, and he was tried on Count I in the Circuit Court of Madison County, Mississippi. A jury found him guilty of the charge on April 4, 2008, and a judgment of conviction was entered on April 8, 2008. He was sentenced on May 12, 2008, to serve 25 years in the custody of the Mississippi Department of Corrections, with 15 years to serve, 10 years suspended, and 5 years of post-release supervision.[1] During the sentencing hearing, Conwill was asked whether he intended to voluntarily waive his right to appeal the burglary conviction in

---

[1] ECF No. 10-6.

exchange for the State's recommendation that his sentence for the aggravated assault (not yet indicted) run concurrent with his burglary sentence. He gave the following response:

> THE COURT: . . . . Do you understand the offer that the State has made in this case?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you accept or reject that offer?
>
> THE DEFENDANT: **I accept. I reject that offer. Is that correct?**
>
> MR. BAKER: (Nods head affirmatively).
>
> THE COURT: Okay. Do you understand – I want to make sure you understand that if the State pursues that other charge and you're convicted, whatever time you get will be run consecutive to the sentence you receive today. Do you understand that?[2]
>
> THE DEFENDANT: Yes, sir.

No appeal was subsequently filed. On May 22, 2008, more than 10 days after the judgment was entered on his burglary conviction, Conwill's trial counsel filed an untimely motion for judgment notwithstanding the verdict ("JNOV").[3] A sentencing order on the burglary conviction was entered on June 25, 2008.

Thereafter, Conwill was indicted in the same court on July 7, 2008, for the offense of aggravated assault stemming from an incident in the first burglary. He entered a plea of *nolo contendere* in that case. Despite the initial rejection, Conwill appeared with new

---

[2]ECF No. 13-5, p. 3. (Emphasis added).

[3]Pursuant to URCCC 10.05, Conwill was required to file his post-trial motion within 10 days of the entry of judgment on his burglary conviction on April 8, 2008.

counsel on December 8, 2008, and entered a guilty plea to the aggravated assault charge according to the terms of a plea agreement. He was sentenced to 20 years in the custody of the MDOC, with 17 years to serve, 3 years suspended, and 3 years post-release supervision, to run concurrently with his sentence for the burglary conviction. During the hearing, the trial court mistakenly believed that Conwill's JNOV motion was timely filed and had thus, tolled the 30-day time period for appealing his burglary conviction. M.R.A.P. 4 (e). Based on this belief, the court denied the JNOV motion on the merits and informed Conwill that the 30-day period for appealing his burglary conviction "starts running from today, unless you want to waive it?"[4] At that time, Conwill clearly and affirmatively waived his right to appeal:

>THE COURT: You want to waive your 30 days?
>
>A: I'd rather just go ahead with this one.
>
>THE COURT: Okay. Do you want to waive your 30 days on the appeal?
>
>A. Yes, sir.[5]

The trial court accepted his plea and ordered that Conwill's sentence for his aggravated assault run concurrently with his sentence for the burglary conviction.

On December 1, 2009, Conwill filed a motion for post-conviction relief ("PCR") asserting that his aggravated assault guilty plea was not knowingly and voluntarily made.

---

[4] ECF No. 11-1, p. 9.

[5] ECF No. 13-8, p. 10.

The motion was denied by the circuit court on March 18, 2010, and the denial was subsequently affirmed by the Mississippi Court of Appeals on November 29, 2011, in *Conwill v. State*, 94 So.3d 1173 (Miss. Ct. App. 2011), *reh'g denied*, May15, 2012, *cert. denied*, August 9, 2012.

On March 31, 2011, Conwill filed a post-conviction relief motion for out-of-time appeal challenging his burglary conviction. *See* Miss.Code Ann. § 99–39–5(1)(i) (Supp.2013) (permitting any person sentenced by a court of record in Mississippi to file a PCR motion to assert the right to an out-of-time appeal). The motion was ultimately denied by the circuit court for failure to show good cause for the delay on May 25, 2012. Specifically, the court found that its previous ruling denying Conwill's JNOV motion was, in effect, a nullity because the motion was not timely filed. The denial was subsequently affirmed by the Mississippi Court of Appeals in *Conwill v. State*, — So.3d — 2013 WL 6067986,  No.  2012-CP-01008-COA (Miss Ct. App.  Nov. 19, 2013), *reh'g denied*, March 11, 2014, *cert. denied*, April 8, 2014 (finding that Conwill's time for filing a notice of appeal was not tolled because JNOV motion was untimely filed). In doing so, Conwill contends the appeals court made a serious prejudicial error of fact in finding that he had waived his right to appeal at the sentencing hearing on his burglary conviction on May 12, 2008.

On June 26, 2014, Conwill filed the instant petition challenging his burglary conviction. As grounds for relief, Conwill argues that trial counsel was constitutionally

4

ineffective in failing to file an appeal of his burglary conviction. He also asserts that the state courts' decisions affirming the denial of his motion for out-of-time appeal, deprived him of his constitutional right to an appeal contrary to clearly established federal law.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d

5

941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Conwill's burglary conviction became final no later than July 25, 2008, 30 days after the trial court entered its sentencing order on June 25, 2008. Although no direct appeal was filed, Conwill is credited with the 30-day time period permitted for filing an appeal under Mississippi law. M.R.A.P. 4(a), (e); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). Thus, to toll the statute of limitations, Conwill was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before July 27, 2009. Because Conwill did not file a motion for post-conviction relief challenging his *burglary conviction* prior to that date, AEDPA's one-year statute of limitations ran uninterrupted from July 25, 2008, to July 27, 2009. Absent statutory or equitable tolling, his federal habeas petition filed on June 26, 2014, is untimely.

Conwill does not dispute that his petition is untimely. He contends that he is entitled to statutory tolling under the federal predicate exception of 28 U.S.C. § 2244(d)(1)(D). Specifically, he claims that he did not discover the factual predicate of his

6

ineffective assistance of counsel claim until the trial court denied his motion for out-of-time appeal on May 25, 2012. He asserts that he could not have discovered this factual predicate sooner because neither his new counsel, nor the trial court informed him that trial counsel was ineffective at his guilty plea hearing in December 2008. To the contrary, he alleges that he was "misled by statements of the trial court into believing his window of opportunity for first appeal as of right still existed at the time of a December 2008 negotiated plea hearing for a subsequent indictment and that a waiver of appeal rights in his earlier conviction presented a chance to secure a concurrent sentence when coupled with a *Brady* plea to the subsequent charge." He additionally claims that the trial court's denial of his request for appointment of counsel in the appeal of his PCR motion attacking his aggravated-assault plea constituted a substantial impediment, and "further delayed Petitioner's recognition of the grounds for the instant petition." He lastly claims that "[n]ot being versed in the law at that time, any 'due diligence' which might have been brought to bear by the Petitioner was very limited and inadequate."[6]

    Despite Conwill's averments, the record shows that he is, in fact, currently serving concurrent sentences for burglary and aggravated assault pursuant to the plea agreement. The record also shows that Conwill waived his right to appeal in both cases at the sentencing hearing on his aggravated assault plea. For our limited purposes here however, the issue is not Conwill's ability to file a direct appeal in state court, but his ability to file

---

[6]ECF No. 11, pp. 1-4.

his federal habeas petition in a timely manner.

The plain language of the factual predicate exception provides that AEDPA's limitations period begins running from the "date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*." 28 U.S.C. § 2244(d)(1)(D)(emphasis added). Thus, the federal limitations period began when the factual predicate of Conwill's ineffective-assistance-of-counsel claim could have been discovered using due diligence, *not* when it was actually discovered. *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012). To invoke this exception, due diligence requires Conwill to show some good reason why he was unable to discover the factual predicate at an earlier date. Merely alleging that he did not know the facts underlying his ineffective-assistance-of-counsel claim is insufficient. Nor does a later understanding of the legal significance of those facts delay the start of the period of limitations. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2000) (The time begins "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (remanding case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of IAC claim); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay ... while a habeas petitioner gathers every possible scrap of evidence that might, by

8

negative implication, support his claim").

On this record, Conwill fails to meet the burden of proving that he exercised due diligence. He maintains that he did not discover the factual predicate of his ineffective-assistance-of- counsel claim until the trial court denied his motion for out-of-time appeal in May 2012. But as noted *supra*, the dispositive issue is not the date that Conwill discovered the legal significance of counsel's failure to perfect a direct appeal, but rather the date on which due diligence would have led to such a discovery. That an appeal had not been filed was a matter of public record, "which reasonable diligence could have unearthed." *Owens*, 235 F.3d at 360; *Montenegro v. United States,* 248 F.3d 585, 593 (7th Cir. 2001), *abrogated on other grounds* by *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[7] Also, even if the Court were to accept Petitioner's contention that his ability to pursue a direct appeal was impeded by his reliance on trial counsel's failure to do so, Conwill has not shown that this reliance, rather than his lack of diligence, was the cause of his delay in filing a habeas petition. That Conwill is not well-versed in the law or is proceeding *pro se* is insufficient to toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000). Likewise, even if the Court were to accept Conwill's contention that he relied on the trial court's misrepresentation that the time period for

---

[7]Arguably, Conwill was constructively aware of his ineffective assistance of counsel claim when his new counsel submitted an affidavit in May 2010, indicating that other than filing a JNOV motion, Conwill's "former attorneys had proceeded no further in the appeal process of his burglary conviction." ECF No. 14, p. 5.

appealing his burglary conviction began running on December 8, 2008, Conwill did not file a notice of appeal within 30 days of that date either.[8] On the contrary, Conwill did not make any efforts to challenge his burglary conviction until he filed a post-conviction motion for out-of-time appeal in March 2011.

Finally, even assuming that, as Conwill claims, he could not have discovered the factual basis for his ineffective-assistance of-counsel claim before May 25, 2012, the petition would still be untimely. If the statute of limitations commenced on May 25, 2012, it would have expired on May 25, 2013. The instant petition was not filed until June 26, 2014.

In sum, Conwill has not demonstrated that he acted diligently after his conviction became final in July 2008. Nor has he shown that he acted diligently after allegedly discovering the factual predicate of his claim in May 2012. Because Conwill did not exercise reasonable diligence in pursuit of his habeas claims, he is not entitled to equitable

---

[8] To the extent Conwill claims that the trial court's misrepresentation was a state-created impediment triggering 28 U.S.C. § 2244(d)(1)(B), this argument is without merit. Other courts have held that the state-created impediment must prevent the petitioner from filing a federal habeas action, not just a direct appeal in state court. *See Smith v. Hudson*, No. 5:06cv2959, 2008 WL 2079386, *2 (N.D. Ohio May 15, 2008) ("Petitioner focuses on impediments that interfered with his ability to file a direct appeal in state court. None of these factors served to impede Petitioner's ability to file his federal petition in a timely manner ."); *Welches v. Lakeside Corr. Facility*, No. 3:08cv152, 2008 WL 4623055, *2 (N.D. Ind. Oct.16, 2008) (petitioner's allegation that he was not informed of his right to appeal his sentence not a state action that prevented him from filing a federal habeas petition); *Pearce v. McNeil*, No. 4:08cv156, 2008 WL 4057760, *3 (N.D.Fla. Aug.22, 2008) ("It is inconceivable that lack of advice regarding a state court direct appeal would ever prevent the filing of a § 2254 habeas petition in federal court. There is a difference between not knowing about the existence of a claim, which frequently happens, and an actual impediment that prevents the claim from being filed.")

tolling either.  None of the remaining exceptions set forth in § 2244 (d)(1) are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations.  In the absence of any evidence warranting statutory or equitable tolling, the undersigned finds Petitioner's habeas petition is time-barred and recommends that this case be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 16th day of July, 2015.

                                                /s/  Linda R. Anderson
                                  UNITED STATES MAGISTRATE JUDGE