IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANDREW D. CONWILL**                                                                                   **PETITIONER**

**V.**                                                                         **CAUSE NO. 3:14-cv-498-CWR-LRA**

**IRB BENJAMIN and MCM, Inc.**                                                              **RESPONDENTS**

**ORDER**

Before the Court is the petitioner's objection, Docket No. 17, to the Magistrate Judge's Report and Recommendation, Docket No. 15.[1]

Having considered the objections, the Court finds that Conwill's Petition for Writ of Habeas Corpus should be dismissed. Pursuant to 28 U.S.C. § 2244(d)(1)(D), a state prisoner has one-year to file a federal habeas petition from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Conwill's conviction became final no later than July 25, 2008. Docket No. 15. Conwill acknowledges that his petition is untimely, but asserts that he is entitled to statutory tolling because he did not discover the factual predicate of his ineffective assistance of counsel claim until the trial court denied his motion for out-of-court time appeal on May 25, 2012. Docket No. 17. A close reading of § 2244(d)(1)(D), however, reveals that the date of Conwill's discovery is not the relevant issue, but rather the date which due diligence would have led to the discovery. *Manning v. Epps*, 688 F3d. 177, 189 (5th Cir. 2012). As noted in the Report and Recommendation, the fact that an appeal had not been filed on Conwill's behalf was a matter of

---

[1] Also before the Court is petitioner's *Motion for Submission of Codicil Affidavit*. Among the various documents Conwill filed to support his objection was the affidavit of John Hannon. In this particular motion he contends that the affidavit contains two scrivener errors and he seeks to file the "codicil affidavit" in "order to correct 2 scrivener's errors." Docket No. 18. The respondents have not responded so the Court grants the motion as unopposed. L.U.Civ. R. 7(b)(3)(E).

public record.  Further, Conwill's new counsel submitted an affidavit in May 2010, indicating that Conwill's former counsel had only filed a JNOV motion and had taken no further actions to appeal his burglary conviction.  While Conwill argues that there should be concerns with the effectiveness of his counsel during the May 12, 2008 sentencing proceedings, Conwill has not demonstrated that he acted diligently either after his conviction became final in July 2008 or after he allegedly discovered the factual predicate of his claim in May 2012.

Conwill also asserts that he is entitled to statutory tolling because he is "actually innocent." Docket No. 17.  The Court is unpersuaded by this argument. To prove actual innocence, the petitioner must "establish through new and reliable evidence that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010) (internal quotation marks and citation omitted).  To support his claim, Conwill does not offer new evidence, but "evidence not presented at trial."  Docket No. 17.

Accordingly, this Court adopts the Report and Recommendation as it own findings and conclusions, and this case is dismissed with prejudice and a Final Judgment will be entered on this day in accordance with this Order.  Pursuant to *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), no certificate of appealability shall issue. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

**SO ORDERED,**  this the 23rd day of September, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE